**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSE ANTONIO VAZQUEZ &
CARMEN D. BAEZ,

     **Plaintiffs,**

v.                                          CASE NO.: 6:15-cv-963-Orl-28KRS

UNITED STATES OF AMERICA,

     **Defendant.**

_____/

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiffs, Jose Antonio Vazquez ("Mr. Vazquez") and, his spouse, Carmen D. Baez ("Mrs. Baez"), file this Complaint for Damages under the Federal Tort Claims Act against Defendant, United States of America, and state as follows:

### INTRODUCTION

1.     This is an action against Defendant under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. and 28 U.S.C. § 1346(b)(1) ("FTCA") for personal injury, negligence, and professional medical malpractice in connection with the substandard medical care provided to Mr. Vazquez by the Defendant,  Department of Veterans Affairs, Orlando VA Medical Center, 5201 Raymond Street, Orlando, Florida 32803.

2.     Defendant's negligent acts and omissions resulted, inter alia, in Mr. Vazquez requiring a December 2013 below-the-knee amputation ("BKA") of his right leg and, in January 2014, an above-the-knee amputation ("AKA") of his right leg.

3.     This is also an action for loss of consortium suffered by Mrs. Baez resulting from the personal injury, negligence and professional medical malpractice

1

resulting from the personal injury, negligence and professional medical malpractice suffered by Mr. Vazquez and committed by Defendant which resulted in her husband's amputations.

4.      The claims herein are brought against the Defendant pursuant to the FTCA for money damages as compensation for personal injuries, negligence, professional medical malpractice, and loss of consortium caused by Defendant's negligent acts and omissions.

5.      Plaintiffs exhausted all administrative prerequisites.

6.      Plaintiffs have met all conditions precedent to filing this lawsuit.

7.      Mr. Vazquez timely filed a June 25, 2014, Standard Form 95.  See Exhibit Number 1.

8.      Mrs. Baez timely filed a June 25, 2014, Standard Form 95.  See Exhibit Number 2.

9.      More than six (6) months have transpired since Plaintiffs filed their respective Standard Form 95s.

10.     This Complaint has been timely filed in that Plaintiffs timely served notice of their claims on the Department of Veterans Affairs and Defendant less than two (2) years after the incidents forming the basis of this lawsuit.

11.     Mr. Vazquez is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the Department of Veterans Affairs' December 15, 2014, "final denial of administrative claim."  See Exhibit Number 3.

12.     Because Mr. Vazquez right leg deteriorated and was amputated because of Defendant's negligent acts and omission after he had filed his June 25, 2014,

2

damages stated in his June 25 2014, administrative complaint.

13.     Mrs. Baez is now filing her Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the Department of Veteran's Affairs' December 15, 2014, "final denial of administrative claim." **See** Exhibit Number 3.

14.     Because Mr. Vazquez right leg deteriorated and was amputated because of Defendant's negligent acts and omission after he had filed in his June 25, 2014, administrative complaint, Mrs. Baez is now demanding more than the $250,000 in damage stated in her June 25, 2014, administrative complaint.

## PARTIES, JURISDICTION & VENUE

15.     Plaintiffs are residents of Davenport, Polk County, Florida which is a county within the jurisdiction of this Court.

16.     Defendant operates the Orlando VA Medical Center in Orlando, Orange County, Florida which is also a county within the jurisdiction of this Court and is where Mr. Vazquez received treatment for his right leg.

17.     Defendant's negligent acts and omissions which resulted in Mr. Vazquez's amputation in Orlando occurred, at its Department of Veterans Affairs, Orlando VA Medical Center.

18.     At all times relevant to this Complaint, Defendant held itself out to the Plaintiff and eligible beneficiaries as a provider of high-quality healthcare services with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

19.     At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or action on behalf of the Defendant.  Furthermore, the Defendant is responsible for the negligent acts of its

the Defendant. Furthermore, the Defendant is responsible for the negligent acts of its employees and agents under respondeat superior.

20.     Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

21.     Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in Orlando.

## FACTUAL ALLEGATIONS

22.     In 2012, Mr. Vazquez was hospitalized at the VA hospital in Puerto Rico on an emergency basis because of chest pain.

23.     Medical staff determined that Mr. Vazquez was suffering from a problem with his urethra; however, he had never complained about pain in the urethra.

24.     The urethra is a tube that connects the urinary bladder to the urinary meatus for the removal of fluids from the body.

25.     Medical staff determined that Mr. Vazquez needed a foley catheter.

26.     A foley catheter is a flexible tube that is often passed through the urethra and into the bladder.

27.     While medical staff was attempting to insert the foley catheter into Mr. Vazquez, Mr. Vazquez started to bleed profusely.

28.     The bleeding caused Mr. Vazquez's hemoglobin to drop requiring a blood infusion and plasma.

29.     Medical staff determined that Mr. Vazquez was suffering from an obstruction in the urethra requiring surgery which surgery was suspended on at least four (4) occasions.

30.     Notably, Mr. Vazquez never had the urethra sugary evidencing that the

4

urethra was not the problem.

31.     Mr. Vazquez insisted that medical staff had misdiagnosed the source of his chest pain as emanating from a urethra disorder because he had undergone heart surgery in June 2007.

32.     In August or September 2012, Mr. Vazquez was hospitalized, again, at the VA hospital in Puerto Rico for approximately one (1) month.

33.     During this hospitalization, two (2) VA physicians determined that Mr. Vazquez allegedly needed dialysis treatment.

34.     Mrs. Baez objected to Mr. Vazquez undergoing dialysis treatment.

35.     The following day, Mr. Vazquez underwent surgery and a catheter for dialysis was inserted into the right side of his chest and he immediately started receiving dialysis treatment.

36.     The catheter inserted into the right side of his chest was incorrectly inserted and, to this day, the vein in his chest into which the catheter was inserted is obstructed.

37.     Mr. Vazquez did not need dialysis treatment, ordering this treatment constituted malpractice, and inserting the dialysis catheter and dialysis treatment constituted additional acts of medical malpractice, personal injury and negligence.

38.     Medical staff subsequently admitted to Mrs. Baez that dialysis treatment was not necessary.

39.     In addition, medical staff declined to give Mr. Vazquez kidney treatment.

40.     While undergoing dialysis treatment, medical staff prescribed Mr. Vazquez calcium phosphate to help increase calcium and phosphorus levels reduced by

the dialysis treatment.

41.     Calcium phosphate caused Mr. Vazquez's skin to break out in horrible and itching blisters and bleeding on his body and, particularly, his legs.

42.     Mr. Vazquez complained to medical staff about the blisters; however, medical staff negligently failed to determine that the blisters were caused by the calcium phosphate medication that they prescribed him.

43.     Mr. Vazquez's body is visibly scarred by the effects of the calcium phosphate prescription.

44.     Calcium phosphate also has the side effect of crystallizing in the body and forming deposits in the body, veins and blood vessels obstructing blood flow and causing necrosis or cell and tissue death.

45.     This is exactly what happened to Mr. Vazquez, particularly, to his right leg.

46.     Mr. Vazquez consulted with a pharmacist at the VA hospital in Puerto Rico in the summer of 2013 who alerted him that a mistake had been made and he should have been prescribed calcium acetate.

47.     Ordering the dialysis and prescribing calcium phosphate constituted acts of malpractice, negligence, and personal injury.

48.     On June 25, 2014, Mr. Vazquez filed his Standard Form 95 complaining about the course of mistreatment and malpractice outlined above.

49.     While the VA allegedly investigated Mr. Vazquez's complaints, the calcium phosphate medication (which had been incorrectly prescribed after Mr. Vazquez was incorrectly ordered to undergo dialysis treatment) continued to crystallize in his body

and form deposits (particularly, in his right leg) blocking blood flow, causing necrosis of his right foot and leg, and causing gangrene to set in.

50.     Naturally, Mr. Vazquez visited the Puerto Rico VA to have the gangrene treated; however, he was told that he merely had an infection and not gangrene.

51.     In September 2013, Mr. Vazquez right leg started turning black.

52.     In November 2013, Mr. Vazquez moved to Orlando because his VA cardiologist, Dr. David Bragin, told him and Ms. Baez to stop getting treatment at the Puerto Rico VA or he would die.

53.     Meanwhile, his right foot and leg continued to deteriorate at a fast pace.

54.     In December 2013, VA medical staff in Orlando ordered Mr. Vazquez to get a BKA of Mr. Vazquez's gangrenous right foot which was performed in a hospital in Celebration, Florida.

55.     Afterwards, Mr. Vazquez sought treatment of the wound and he was given poor wound care at the Orlando VA Medical Center which caused a re-infection and more gangrene.

56.     Mr. Vazquez's right leg became infected and, in January 2014, VA medical staff ordered an AKA of Mr. Vazquez's leg.

57.     Mr. Vazquez, who had not had previously suffered medical problems with his right leg, is now wheelchair bound.

58.     Mr. Vazquez continues to receive treatment for his condition.

59.     Additionally, Mr. Vazquez has endured significant mental and emotional distress, harm and trauma as a result of Defendant's medical malpractice, negligence, and personal injury.

60.     Finally, Defendant's negligent acts and omissions have caused Mrs. Baez to suffer the deprivation of benefits of a family relationship with her spouse including, but not limited to, economic contribution to the household, care, affection, and emotional, psychological, and physical intimacy.

## CAUSES OF ACTION

## COUNT I – NEGLIGENCE, MEDICAL MALPRACTICE, &
## PERSONAL INJURY

61.     Mr. Vazquez realleges and reincorporates each and every allegation above as if fully set forth herein.

62.     Defendant had a duty to provide ordinary care and to exercise that standard and degree of care and skill required of healthcare providers consistent with the expertise that the Defendant presented to the community at large.

63.     The Defendant breached its duty of care to Mr. Vazquez.

64.     At all time relevant to this Complaint, the Defendant had a duty to hire competent operators, administrators, employees, agents and staff in order to meet its standards of quality of care of its patients, including Mr. Vazquez. The Defendant knew, or should have known, that the medical staff of the facilities were not properly trained and/or supervised in a manner necessary to provide a level of care for Mr. Vazquez that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent healthcare providers; and was consistent with the expertise that the Defendant presented to the community at large.

65.     The Defendant breached its duty by negligently hiring incompetent, inexperienced, and/or underqualified operators, administrators, employees, agents and

staff.

66.     The Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents and staff in order to meet its standards of quality of care to its patients, including Mr. Vazquez.

67.     The Defendant breached its duty by negligently retaining incompentent, inexperienced, unqualified and/or inadequately trained operators, administrators, employees, agents and staff.

68.     As a direct and proximate result of Defendant's negligence, Mr. Vazquez sustained serious and permanent injuries in and about his body; he has incurred medical expenses and other damages and will continue to incur medical expenses and other damages in the future; he was forced to endure pain, suffering and mental anguish and will continue to endure pain, suffering and mental anguish in the future; he has suffered a loss of enjoyment of life and will continue to suffer a loss of enjoyment of life in the future; and he has lost wages and will continue to lose wages in the future.

69.     The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida and the Commonwealth of Puerto Rico.

70.     The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

**PRAYER FOR RELIEF**

WHEREFORE Mr. Vazquez does hereby pray that judgment be entered in his favor and against Defendant as follows:

a.     Medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life totaling $2,500,000.00; and

b.     Costs and attorney's fees incurred in this civil action, together with such

further and additional relief at law or in equity that this Court may deem proper.

## COUNT II – VICARIOUS LIABLITY, RESPONDENT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

71.     Mr. Vazquez realleges and reincorporates each and every allegation above as if fully set forth herein.

72.     At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, staff were employed by and/or acting on behalf of the Defendant.

73.     At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents and staff acted within their respective capacities and scopes of employment for the Defendant.

74.     The directors, officers, operators, administrators, employees, agents and staff negligently and/or recklessly, directly and proximately caused personal injury to Mr. Vazquez, including both acts of omission and acts of commission.

75.     As a direct and proximate result of Defendant's negligence, Mr. Vazquez sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered loss of enjoyment of life and will continue to suffer a loss of the enjoyment of life in the future.

76.     The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida and the Commonwealth of Puerto Rico.

77.     The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

## PRAYER FOR RELIEF

WHEREFORE Mr. Vazquez does hereby pray that judgment be entered in his favor and against Defendant as follows:

     a.    Medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life totaling $2,500,000.00; and

     b.    Costs and attorney's fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

## COUNT III – LOSS OF CONSORTIUM

78.    Mrs. Baez realleges and reincorporates each and every allegation above as if fully set forth herein.

79.    Defendant's negligent acts and omissions have caused Mrs. Baez to suffer the deprivation of benefits of a family relationship with her spouse including, but not limited to, economic contribution to the household, care, affection, and emotional, psychological, and physical intimacy.

WHEREFORE Mrs. Baez does hereby pray that judgment be entered in her favor and against Defendant as follows:

     a.    Medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life totaling $2,500,000.00; and

     b.    Costs and attorney's fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

Respectfully submitted,

/s/ Daniel A. Perez
Daniel A. Perez, Esquire
Florida Bar No. 426903
Hogan & Hogan, P.A.
906 E. Michigan Street
Orlando, FL 32806
Tel: 407-422-2188
Fax: 407-422-3291
E-mail: dperez@hoganlegal.com
Secondary E-mail: brene@hoganlegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using CM/ECF which shall deliver a copy of same electronically on Defendants this 12th day of June, 2015.

Respectfully submitted,

/s/ Daniel A. Perez
Daniel A. Perez, Esquire
Florida Bar No. 426903
Hogan & Hogan, P.A.
906 E. Michigan Street
Orlando, FL 32806
Tel: 407-422-2188
Fax: 407-422-3291
E-mail: dperez@hoganlegal.com
Secondary E-mail: brene@hoganlegal.com

12